**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MICHAEL R. THOMAS,

Plaintiff,

v.

FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., *fka* LEXISNEXIS SCREENING SOLUTIONS, INC.,

Defendant.

Case No: 1:13-cv-04161-CC-LTW

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff MICHAEL R. THOMAS and Defendant FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., by their attorneys and pursuant to Federal Rule of Civil Procedure 26(f) and LR 16.2, NDGa., file this Joint Preliminary Report and Discovery Plan.

**(1) Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff alleges that First Advantage violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"), specifically 15 U.S.C. § 1681e(b), which requires First Advantage to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in any consumer report it

prepares relating to him. Defendant denies that it violated the FCRA or that Plaintiff is entitled to any of the relief requested.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement Of Facts

The Defendant violated its obligations under the Fair Credit Reporting Act by failing to follow reasonable procedures to assure maximum possible accuracy when it supplied a background check report about Mr. Thomas to an employer, Aid & Assist at Home. The Defendant violated 15 U.S.C. § 1681e(b) when it provided an employment-purposed background check that contained felony and misdemeanor criminal records, including a sex offender conviction, of a complete stranger. As a result of Defendant's reporting and based on that report, Aid & Assist refused to hire Mr. Thomas. Defendant's actions were willful and the caused damage to Mr. Thomas.

Defendant's Statement Of Facts

On August 12, 2011, home healthcare agency Aid and Assist at Home ("Aid & Assist") ordered a background report on Plaintiff from First Advantage. First Advantage completed the background report on August 16, 2011 and provided it to Aid & Assist. On August 17, 2011, Plaintiff disputed certain public records

contained in his background report. First Advantage investigated Plaintiff's dispute and, on September 13, 2011, mailed to Plaintiff a revised background report that did not contain the disputed information.

**(c) The legal issues to be tried are as follows:**

Plaintiff's Legal Issues:

1. Did the Defendant have in place reasonable procedures to assure maximum possible accuracy when it compiled information about the Plaintiff and supplied a consumer report about him to an employer?

2. Were Defendant's actions willful?

3. Were Defendant's actions negligent?

4. What are the Defendant's procedures for acquiring and transmitting consumer information to prospective employers?

5. How was the Plaintiff damaged?

6. What were Defendant's procedures for acquiring and transmitting information about Mr. Thomas?

Defendant's Legal Issues:

1. Can Plaintiff establish that Defendant negligently or willfully violated the FCRA?

2. Has Plaintiff stated facts sufficient to support a claim for actual, statutory, or punitive damages and any other relief as to any of his claims?

3. Can Defendant establish that Plaintiff failed to mitigate his claimed damages?

4. Can Defendant establish facts supporting its other affirmative defenses?

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

_____ (1) Unusually large number of parties

_____ (2) Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex

_____ (4) Greater than normal volume of evidence

_____ (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

_____ (8) Multiple use of experts

_____ (9) Need for discovery outside United States boundaries

_____ (10) Existence of highly technical issues and proof

_____ (11) Unusually complex discovery of electronically stored information

This is not a complex case.

**3. Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

| | |
|---|---|
| **Plaintiff:** | Leonard A. Bennett<br>(admitted *pro hac vice*)<br>Ian B. Lyngklip<br>(admitted *pro hac vice*)<br>Susan M. Rotkis<br>(admitted *pro hac vice*)<br>Mara McRae<br>Georgia Bar No. 499138 |
| **Defendant:** | Frederick T. Smith<br>Georgia Bar No. 657575<br>Megan H. Poonolly<br>Georgia Bar No. 345633 |

**4. Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

____ **Yes** _X_ **No**

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5. Parties To This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None.

**(b) The following parties are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15, NDGa.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

None at this time.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing unless otherwise permitted by law.**

**7. Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).**

**(a)** ***Motions to Compel*****: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)** ***Summary Judgment Motions*****: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)** ***Other Limited Motions*****: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)** ***Motions Objecting to Expert Testimony*****: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8. Initial Disclosures:**

**(a)The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The parties do not object to exchanging initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The parties have agreed to exchange initial disclosures by May 1, 2014.

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of the party.**

The parties do not request a scheduling conference.

**10. Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Discovery will be needed as to Plaintiff's claims, Defendant's defenses, Plaintiff's claimed damages, and Plaintiff's efforts to mitigate its claimed damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not anticipate requiring additional time to complete discovery.

**11. Discovery Limitation and Discovery of Electronically Stored Information**

**(b)(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**(c)(b) Is any party seeking discovery of electronically stored information?**

_X_ **Yes** _______ **No**

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

After they serve their requests for production of electronically stored information, Plaintiff and Defendant will review the requests and, if necessary, the parties will then schedule a separate conference to discuss the scope of the production.

**(2) The parties have discussed the format for the production of electronically stored information (e.g. Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree that upon request, they will produce ESI, if any, as a bates-numbered PDF file or in native format.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Before exchanging confidential information and documents, the parties anticipate negotiating the terms of an Agreed Protective Order and seeking its entry by the Court.

**13. Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held telephonically on April 3, 2014, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiff**: Lead Counsel (signature): s/ Susan M. Rotkis

**For Defendant**: Lead Counsel (signature): s/ Megan H. Poonolly

**(b) All parties were promptly informed of all offers of settlement, and following discussion by all counsel, it appears that there is now:**

**(__) A possibility of settlement before discovery.**

**( X ) A possibility of settlement after discovery.**

**(__) A possibility of settlement, but a conference with the judge is needed.**

**(__) No possibility of settlement.**

**(c) Counsel (__) DO or ( X ) DO NOT intend to hold additional settlement conferences among themselves prior to the close of**

**discovery. The proposed date of the next settlement conference is __________, 20___.**

**(d) The following specific problems have created a hindrance to settlement of this case:**

None.

**14. Trial By Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties ( ) do consent to having this case tried before a Magistrate Judge of this Court. A completed Consent to Jurisdiction by a United Stated Magistrate Judge form has been submitted to the clerk of court this ____ day of _____, 20__.**

**(b) The parties ( X ) do not consent to having this case tried before a Magistrate Judge of this Court.**

Jointly and respectfully submitted,

MICHAEL THOMAS

By: /s Susan M. Rotkis
Leonard A. Bennett
Susan M. Rotkis
(admitted *pro hac vice*)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, Virginia 23601

FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

By: s/ Frederick T. Smith
Frederick T. Smith
Georgia Bar No. 657575
fsmith@seyfarth.com
Megan H. Poonolly
Georgia Bar No. 345633
mpoonolly@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500

Facsimile: (404) 892-7056

Ian B. Lyngklip
(admitted *pro hac vice*)
Lyngklip & Associates Consumer Law Center
Suite 206
24500 Northwestern Highway
Southfield, Michigan 48075

Mara McRae
Georgia Bar No. 499138
McRae Brooks Warner LLC
1175 Peachtree Street, N.E.
100 Colony Square, Suite 2100
Atlanta, Georgia 30361

Date: April 21, 2014